**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1597
_____

JUSTIN CORLISS,
                              Appellant

v.

THOMAS LYNOT; MICHAEL RAKACZEWSKI, Esq.;
POCONO TOWNSHIP POLICE DEPARTMENT;
POCONO TOWNSHIP; TWO UNKNOWN INDIVIDUALS;
TROOPER ERIC TEMARANEZ; PENNSYLVANIA STATE POLICE;
TWO JOHN DOES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:15-cv-01364)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016
Before: CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Justin Corliss appeals the District Court's dismissal of his civil rights complaint. We will affirm.

I.

In 2015, Corliss filed an amended complaint accusing the Defendants, including law-enforcement officers, a prosecutor, law-enforcement agencies, and Pocono Township, of various civil rights violations arising out of two 2013 arrests and his subsequent criminal prosecution in Monroe County, Pennsylvania. Corliss alleged false arrest, malicious prosecution, retaliatory prosecution, and constitutionally inadequate police training, in violation of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.[1] He sought compensatory and punitive damages and other relief.

After reviewing Corliss's amended complaint, the Defendants' motions to dismiss, and Corliss's responsive pleadings, the Magistrate Judge recommended that the case be dismissed with prejudice. The District Court adopted the Magistrate Judge's report and recommendation. In reaching its conclusion, the District Court determined, inter alia, that Corliss's claims failed because his arrests were supported by probable cause and that the state defendants were entitled to immunity for acts done in an official capacity.

_____

constitute binding precedent.

[1] After Corliss filed his notice of appeal, a jury found him guilty of the alleged offenses. In his reply brief, Corliss complains that the Defendants rely on this determination in seeking affirmance. As we conclude that his arrest was supported by probable cause, we need not consider Corliss's conviction in resolving this appeal. See Kossler v. Crisanti,

Corliss sought reconsideration, and the District Court denied the motion. Corliss appeals.[2]

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). When reviewing an order dismissing for failure to state a claim under Rule 12(b)(6), we "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." Fellner v. Tri–Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Generally, our review of an order denying a motion for reconsideration is for an abuse of discretion, but to the extent the denial is based on the interpretation or application of law, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

---

564 F.3d 181, 194 (3d Cir. 2009) ("[W]e do not intend to suggest that the favorable termination element should always be addressed prior to the probable cause element.").
[2] In his notice of appeal, Corliss only specified the order dismissing his complaint. However, in his opening brief he discusses both the order dismissing his complaint and the subsequent order denying reconsideration. We will treat his appeal, which was timely as to both orders, see Fed. R. App. P. 4(a)(4), as challenging both decisions.

III.

On appeal, Corliss asserts that the District Court erred in finding that his arrest and prosecution were supported by probable cause and that some of the Defendants were entitled to immunity. We disagree.

Both the Magistrate Judge and the District Court identified the grounds for dismissing Corliss's complaint, and we will affirm for substantially the same reasons. As the District Court concluded with regards to Corliss's claims asserting false arrest and malicious prosecution, sufficient probable cause supported his arrest and prosecution. Corliss's remaining claims do not warrant further discussion beyond the analysis in the District Court's opinion. Regarding Corliss's reconsideration motion, he did not demonstrate any basis for granting the motion, such as an intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice. Thus, the District Court did not err in denying the motion. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

IV.

For the above reasons, we will affirm the District Court's orders dismissing Corliss's complaint and denying his motion for reconsideration.